UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAULA SUTTON<br><br>     Plaintiff,<br><br>v.<br><br>SALLY JEWEL, SECRETARY,<br>DEPARTMENT OF THE INTERIOR,<br>BUREAU OF LAND MANAGEMENT,<br><br>     Defendant. | 3:13-cv-0630-LRH-WGC<br><br>ORDER |

Before the court is defendant Sally Jewel's ("Jewel") motion to dismiss. Doc. #10.[1] Plaintiff Paula Sutton ("Sutton") did not file an opposition to the motion.

Plaintiff Sutton filed a complaint for Title VII discrimination against Jewel in late 2013. *See* Doc. #1. Jewel moved to dismiss the action in July 2014. *See* Doc. #10. Sutton's opposition to the motion to dismiss was originally due on August 2, 2014, but the court granted Sutton several extensions of time to file her opposition, ultimately giving her until October 23, 2015, to file any opposition to the motion to dismiss. However, as of November 2, 2015, no opposition has been filed.

While the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under LR 7-2(d), plaintiff's failure to

---

[1] Refers to the court's docket entry number.

file an opposition, in and of itself, is an insufficient ground for dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing a case, a district court is required to weigh several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less dramatic sanctions. *Id*.

Here, these factors weigh in favor of dismissal. The need for the expeditious resolution of cases on the court's docket is strong. Defendant Jewel has an interest in resolving this matter in a timely manner. Further, there is a lack of prejudice to plaintiff because she has shown an unwillingness to continue litigating this complaint for more than a year which weighs in favor of granting the motion. Thus, although public policy favors a resolution on the merits, the court finds that dismissal is warranted in light of these other considerations. Therefore, the court shall grant defendant's motion to dismiss and dismiss plaintiff's complaint in its entirety.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #10) is GRANTED. Plaintiff's complaint (Doc. #1) is DISMISSED in its entirety.

IT IS SO ORDERED.

DATED this 20th day of November, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE